**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE STATE OF NEW JERSEY, <br><br> Plaintiff, <br> v. <br><br> THOMAS I. GAGE, <br><br> Defendant. | Civ. A. No. 3:21-cv-13180 (GC) (LHG) <br><br> **MEMORANDUM ORDER** |

**CASTNER, District Judge**

    **THIS MATTER** comes before the Court upon *pro se* Defendant Thomas I. Gage's ("Gage") Motion for Temporary Injunction (the "TRO"). (*See* ECF No. 7.) The Court has carefully considered Gage's submissions, liberally construes the documents authored by Gage as a party appearing *pro se*, *see Estelle v. Gamble*, 429 U.S. 97, 106 (1976), and decides the TRO without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78(b) and Local Civil Rule 78.1(b). For the reasons set forth herein, and for good cause shown, after a *sua sponte* analysis of the basis for jurisdiction, the Court remands the matter to the Hopatcong Borough Municipal Court pursuant to 28 U.S.C. § 1447(c).

**I.   BACKGROUND**

    The original "Complaint" in this action is a ticket for an alleged zoning violation. (*See* Compl., Notice of Removal Ex. A6, ECF No. 1-1.) On June 29, 2021, Gage removed this matter, alleging federal question jurisdiction pursuant to 28 U.S.C. § 1331 "because it alleges violations of the United States Constitution and 42 U.S.C. § 1983, and therefore raises questions of federal law. Jurisdiction is also based upon 28 U.S.C. § 1343 because "relief is sought for the deprivation

of Plaintiff['s] constitutional rights under color of State law." (Notice of Removal ¶ 1, ECF No. 1.)

On June 9, 2022, almost a full year since removing his Complaint, Gage filed the TRO, seeking a "Cease and Desist Order to stop Plaintiff enforcement of an alleged violation of a local ordinance which is clearly not a violation of any of the State, civil or criminal laws, but instead is a clear action of retaliation against [Gage]'s 'Notice' of intent to file a lawsuit against the Borough of Hopatcong, et al." (*See* TRO 1, ECF No. 7 (citing "Notice of Inten[t] to File a Lawsuit," TRO Ex. C, ECF No. 7).) Gage asserts that the TRO seeks "to prevent further retaliation, . . . as to pending case Gage v. Somerset County et al[.], No. 3:19-cv-09097, . . . and reported in case Gage v. NJDEP # **3:21-CV_10763**." (*Id.* at 3 (emphasis in original).) The opposing party has not appeared in this matter, and therefore, the Court ordered Gage to effectuate service of the TRO on the municipality. (*See* Text Order, ECF No. 8.) On September 28, 2022, Gage filed a Certificate of Service indicating that the Motion was served on the Municipal Court Clerk's Office via email. (*See* ECF No. 9.)

## II. DISCUSSION

The Court remands Gage's municipal zoning ticket for lack of subject matter jurisdiction, because no federal claims are asserted in the citation out of which this matter arises. "[B]ecause subject matter jurisdiction is non-waivable, courts have an independent obligation to satisfy themselves of jurisdiction if it is in doubt . . . [, and a] necessary corollary is that the court can raise *sua sponte* subject-matter jurisdiction concerns." *Nesbit v. Gears Unltd., Inc.*, 347 F.3d 72, 77-78 (3d Cir. 2003) (citing *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3).

2

"A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits, and may therefore investigate the issue *sua sponte* pursuant to its obligation to be assured of [its] own jurisdiction." *See Perrong v. Reweb Real Est. LLC*, No. 19-4228, 2020 WL 4924533, at *1 (E.D. Pa. Aug. 21, 2020) (citing *Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n*, 657 F.2d 29, 36 (3d Cir. 1981) (collecting cases) & *Sun Buick, Inc. v. Saab Cars USA, Inc.*, 26 F.3d 1259, 1261 (3d Cir. 1994)) (internal punctuation omitted) (dismissing complaint of *pro se* plaintiff *sua sponte* for lack of personal jurisdiction).

It is well established that "a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748 (2019) (citing *Mex. Nat. R. Co. v. Davidson*, 157 U.S. 201, 208 (1895); *Tenn. v. Union & Planters' Bank*, 152 U.S. 454, 461 (1894)). "This requires a district court to evaluate whether the plaintiff could have filed its operative complaint in federal court, either because it raises claims arising under federal law or because it falls within the court's diversity jurisdiction." *Id.* (collecting cases). "And because the action as defined by the plaintiff's complaint is the civil action of which the district court must have original jurisdiction, the defendant to that action is the defendant to the complaint, not a named party in a counterclaim." *Id.* (quoting 28 U.S.C. § 1441(a)) (internal punctuation and quotation marks omitted).

The municipal Complaint does not include any federal claims upon which federal question jurisdiction may rest. (*See* Compl., Notice of Removal Ex. A6.) Indeed, the ticket seems to be a summons to appear in response to an alleged violation of a Hopatcong Zoning Ordinance, "failure to acquire a zoning permit." (*Id.*) On May 17, 2021, Zoning Officer William E. Donegan III issued the citation to Gage regarding his property at 14 Brown Trail, Block 11112, Lot 15,

3

Hopatcong Borough, N.J.: "Enclosed is a summons. Please have a zoning permit submitted for the shed or more summonses will be issued potentially daily until the problem is corrected." (*See* Summons, Notice of Removal Ex. A4, ECF No. 1-1.) The ordinance indicated on the ticket provides:

> Zoning permits shall hereafter be secured from the Zoning Officer's office prior to the application for a building permit for the construction, erection or alteration of any structure or sign or part of a structure or upon a change in the use of a structure or land. Each application shall be accompanied by the required fee.

HOPATCONG BOROUGH MUN. CODE, N.J. § 242-72A (1999). It is clear that, even assuming the ticket sufficiently complies with Rule 8, no information stated on this municipal ticket claims to arise under federal law. (*See id.*)

Though Gage does not assert the existence of diversity jurisdiction in his Notice of Removal, the Court examines the issue because Gage appears *pro se*. "To determine whether diversity of citizenship exists, a court must 'look beyond the pleadings' and inquire into the real party in interest because 'in cases involving a State or state official, . . . a State's presence as a party will destroy complete diversity.'" *In re Avandia Mktg., Sales Prac. & Prod. Liab. Litig.*, 238 F. Supp. 723, 727 (E.D. Pa. 2017) (quoting *Miss. ex rel. Hood v. AU Optronics Corp.*, 571 U.S. 161, 174 (2014)). Gage himself is a citizen of New Jersey. (*See* Compl. ¶ 5, ECF No. 1, *Gage v. N.J. Dept. of Env'tal Prot.*, Civ. A. No. 3:21-cv-10763-MAS-LHG, filed May 5, 2021, terminated Jan. 27, 2022.) "Complete diversity requires that . . . no plaintiff be a citizen of the same state as any defendant." *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Allapattah Svcs. Inc.*, 545 U.S. 546, 553 (2005)). Whether complete diversity is destroyed because the Zoning Office is an arm of the State of New Jersey, or because it is a citizen of the same, complete diversity is destroyed nonetheless. Moreover, regardless of a

4

plaintiff's citizenship status, the forum-defendant rule prevents Gage from removing to this Court, because "[s]ection 1441(b)(2) prohibits removal of an action based on diversity jurisdiction 'if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" *Bank of N.Y. Mellon Tr. Co., Nat. Ass'n v. Poczobut*, No. 13-3303, 2013 WL 4012561, at *2 (D.N.J. Aug. 5, 2013) (citing 28 U.S.C. § 1441(b)(2)).

Finally, Gage requests that the Court exercise supplemental jurisdiction over this matter, as related to *Gage v. Department of Environmental Protection, et al.*, Civ. A. No. 3:21-cv-10763-MAS-LHG. (*See* Notice of Removal ¶ 2.) On January 27, 2022, the Honorable Michael A. Shipp, U.S.D.J., dismissed Gage's claims in that matter. (*See* Mem. Op., ECF No. 17 & Order, ECF No. 18, *Gage v. N.J. Dept. of Env'tal Prot.*, Civ. A. No. 3:21-cv-10763-MAS-LHG (granting the defendants' motions to dismiss Gage's complaint); *see also* Mem. Order, ECF No. 25 (denying Gage's motion for reconsideration on the same), filed Sept. 28, 2022.) The matter, therefore, cannot form the basis of an exercise of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a). The Court remands Gage's municipal ticket for lack of subject matter jurisdiction, because no federal claims were asserted in the citation out of which this matter arises, diversity jurisdiction does not exist, and the exercise of supplemental jurisdiction over a terminated matter would be improper.

## III.   CONCLUSION & ORDER

For the foregoing reasons, and for good cause shown, this matter is remanded to the Hopatcong Borough Municipal Court.

**IT IS THEREFORE** on this 9th day of November, 2022

**ORDERED** that this action shall be remanded to the Hopatcong Borough Municipal Court; and it is further

**ORDERED** that Defendant Thomas I. Gage's Motion for Temporary Injunction (ECF No. 7) is hereby **DENIED** as moot; and it is further

**ORDERED** that the Clerk shall serve a copy of this Order upon Defendant Thomas I. Gage by regular mail.

The Clerk is directed to close this case.

*/s/ Georgette Castner*
**GEORGETTE CASTNER**
**United States District Judge**